PENDLETON, President,
delivered the opinion of the court as follows:
The question as to the power of the exec *746 utive to impress, is settled by a resolution of the general assembly, passed in March 1781, in the following words: “Resolved, that the governor, with the advice of council, be empowered to impress and take into the public service such and so many *vessels, being private property, with their crews, for the transportation of troops, military stores or baggage across the rivers, creeks or bays, or other^purposes as the exigencies of affairs and the public service may require; and that the general assembly do approve of the conduct of the governor in heretofore impressing such vessels and their crews for the purpose of forwarding the public service, and that they will indemnify the proprietor thereof for all loss and damage consequent thereupon.” By this resolution, the court think that the impressment in the present case was either authorized, or approved; and that the public was bound to pay the loss consequent upon it. But the certificate of the county court of Nansemond, made on the 14th of June, 1784, when there Was no law in force to authorize it, should not have been received to fix the amount of the loss; but that the same ought to have been ascertained by the original appraisement, if to be had, and found to be liable to no objection upon the score of fairness or justice: or if that was not to be had, or was found to be exceptionable on either of the grounds just mentioned, then by other satisfactory evidence. The judgment of the district court is therefore to be reversed; and the following is to be the entry:
“The court is of opinion, that under the resolution of the general assembly of March the twelfth, 1781, the impressment of the vessel and cargo of the appellees in the proceedings mentioned, by order of the executive, was either authorized or-approved, and the public was bound to pay them for their loss consequent thereon: But that the certificate of the county court of Nanse-mond, of June the fourteenth, 1784, when there was no law in force which authorized county courts to adjust and certify such claims, ought not to have been admitted to fix the amount thereof, which should be ascertained by the original appraisement, if to be had, and liable to no objection as to its fairness or justice: But if that is not to be had, or should be found exceptionable on either of those grounds, then by other satisfactory *proof; and that-the judgment aforesaid is erroneous: Therefore it is considered that the same be reversed and annulled, and that the appellees pay the costs of the prosecution of the appeal aforesaid here: and the cause is remanded to the said district court for that court to proceed to ascertain the loss of the appellees in manner before directed. ’ ’
Upon the return of the cause to the district court, that court made the following order: “It not appearing that the original appraisement of the vessel and cargo in the proceedings mentioned is to be had, the court proceeded to hear the cause on the petition of appeal aforesaid, sundry depositions and exhibits, the judgment aforesaid of the court of appeals, the testimony of divers witnesses, who were sworn and examined, and the arguments of counsel; on consideration whereof, it is ordered that an issue be made up, in order to ascertain the appellants’ loss, consequent on the impressment of the said vessel and cargo by order of the executive.”
The petitioners accordingly filed a declaration, stating the impressment, sinking, and injury to the brig, with the total loss of the cargo; and that the commonwealth was liable to them for the loss sustained, amounting to ¿7000.
The attorney general pleaded, that the petitioners had * ‘ sustained no damage by the impressment of the vessel and cargo;” and the petitioners took issue.
Verdict, that the petitioners had “sustained damage by the impressment of the vessel and cargo in the declaration mentioned;” and assessed the same as follows, to wit, to the sum of ¿4264. 8. 3%. for principal, and ¿2771. 17. 4j4- for interest,, amounting in the whole to ¿7036. S. 734-”
The court, however, was of opinion that the petitioners were not entitled to interest; and gave judgment for the ¿4264. 8. 3 only.
The attorney general appealed to the court of appeals; but the judgment was affirmed, in April 1794.